WELSH MANUFACTURING Co. *vs.* WALTER F. FITZPATRICK, *C. T.*

AUGUST 4, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

PER CURIAM. In the plaintiff's motion for leave to reargue this case, the only reason stated for a reargument on the merits is as follows: "The opinion of the court does not take into consideration the law of subjacent support." What is there meant by "the law of subjacent support" appears clearly from other language in that motion; from language quoted therein from a statement made by this court at the close of its opinion in *Prete* v. *Cray, C. T.,* 49 R. I. 209, after it had decided the case on the basis of the law of lateral support; from what was said on the same point

in about a half-page devoted to it in the plaintiff's brief of fifty-eight pages in the instant case; and from the few cases which are cited on that half-page and in the present motion, as being on this point.

This point, as stated in the brief, is that not only is an owner of land entitled to lateral support for it from the adjoining land of another, but also "he is entitled to enjoy his land free from any invasion or trespass either direct or indirect." We do not question the statement quoted, except in the use of the words "direct or indirect." As to that we have some doubt, since ordinarily at least, the special characteristic of a trespass is its directness.

In the instant case the form of action is trespass on the case and not trespass; and in the first count of the declaration, the only one which was allowed to go to the jury, the only duty which is alleged to be incumbent on the city is "to excavate the earth on Troy Street . . . so as not to take away the lateral support of the land of the plaintiff." The only breach alleged is that the city so conducted its excavations "that the adjacent and sub-adjacent soil which supported the plaintiff's land was removed." This does not go beyond alleging a breach of the duty previously stated. It does not allege any undermining or invasion of the plaintiff's land or any removal of any of its subsoil or any other conduct by the city which would amount to a trespass.

The introduction of testimony, as set forth in the transcript, does not indicate that any testimony as to facts was introduced to prove that the city "undermined" or "invaded" the plaintiff's land, in any ordinary sense of these words, or removed therefrom any of its subsoil, or did anything beyond what is alleged in the first count of the declaration. Nor does it indicate that any question was asked of any expert witness for the plaintiff, or any testimony given by any such witness, to prove that the

city was liable to the plaintiff by reason of any such trespass.

It is true that the trial justice, in two places in his charge to the jury, instructed them substantially in accordance with a rule of law such as the plaintiff contends for in its motion. But he did not explain to them what he meant by "drawing off the subjacent support of the plaintiff's land" or by "undermining and invading the plaintiff's premises." Later he instructed them that in order to find for the plaintiff they must find that the plaintiff's land, if it were in its natural state without any buildings upon it, by the pressure of its own weight, would have settled by reason of the city's excavation work; and two other times he instructed them to the same effect.

In the situation which we have described in this opinion, we saw no good reason for discussing, in our previous opinion, the ground, for holding the city liable, by reason of which the plaintiff is now seeking a reargument on the merits. We were convinced that there ought to be a new trial, in which the plaintiff can, if it chooses to do so, expressly rely on what it has referred to in its motion as "the law of subjacent support", and can seek to hold the city liable thereunder. We saw no good reason why we should, prior to such new trial, discuss the rule of law referred to and attempt to define it fully and to state just what would have to be proved in order to recover damages thereunder in a case such as this. Therefore, we see no reason for a reargument of the case on its merits.

The plaintiff in its motion also complains that the court did not in its opinion decide the question in dispute between the parties as to the proper rule of damages applicable to the case. This court is not under any duty to decide such a question when it is of the opinion that the case should be remitted to the superior court for a new trial by reason of an error as to the merits of the case, though it may decide such question, if it deems such course

advisable. In the instant case we see no sufficient reason for doing so.

The motion for leave to reargue the case is denied.

*Hoyt W. Lark, David B. Lovell, Jr., Hart, Gainer & Carr,* for plaintiff.

*Daniel E. Geary, John T. Walsh, Francis D. McManus,* for defendant.